IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Broadway Bank,<br><br>          Plaintiff,<br><br>    v.<br><br>DEMETRIS GIANNOULIAS, GEORGE GIANNOULIAS, JAMES MCMAHON, SEAN CONLON, STEVEN DRY, DONNA ZAGORSKI, STEVEN BALOURDOS, GLORIA SGUROS and ANTHONY D'COSTA,<br><br>          Defendants. | Case No. 12-cv-1665<br><br>JURY DEMANDED<br><br>Judge William Grady |

## DEFENDANT JAMES MCMAHON'S
## MOTION TO DISMISS THE COMPLAINT

Pursuant to Federal Rule of Civil Procedures 8 and 12(b)(6), defendant James McMahon respectfully moves to dismiss the FDIC's Complaint for failure to state a claim. The grounds supporting this motion are set forth below and in the accompanying memorandum.

1. The FDIC, as receiver for Broadway Bank, purports to allege claims for gross negligence (Count I) breach of fiduciary duty (Count II) and negligence (Count III) against former outside director James McMahon, as well as against Broadway Bank's other former directors and officers.

2. None of the FDIC's claims against director McMahon is pled sufficiently to overcome the business judgment rule.

3. The gross negligence claim should be dismissed because the allegations of the Complaint fail to support a plausible inference that McMahon's conduct as a director was an extreme departure from due care.

4. Neither the common law negligence nor breach of fiduciary duty claim supports a plausible inference of actionable conduct.

5. The negligence and breach of fiduciary duty claims are also duplicative and Count II should be dismissed for that independent reason.

6. The FDIC assumed control over Broadway Bank and all of its books and records when it became Receiver upon the closing of the Bank in April 2010. Nonetheless, the FDIC is unable to plead sufficient facts that set forth a plausible inference of liability against McMahon pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Accordingly, McMahon respectfully requests that the Complaint be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, defendant James McMahon respectfully requests that the Court dismiss the FDIC's Complaint with prejudice.

Dated: June 20, 2012

Respectfully submitted,

/s/ Nancy A. Temple

John M. George, Jr.
Nancy A. Temple
Katten & Temple LLP
542 S. Dearborn Street, Suite 1060
Chicago, IL 60605
(312) 663-0800