UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BROADWAY BANK, <br><br> Plaintiff, <br><br> v. <br><br> DEMETRIS GIANNOULIAS, GEORGE GIANNOULIAS, JAMES MCMAHON, SEAN CONLON, STEVEN DRY, DONNA ZAGORSKI, STEVEN BALOURDOS, GLORIA SGUROS, ANTHONY D'COSTA <br><br> Defendants. | Case No. 12 CV 1665 <br><br> Judge John F. Grady <br><br> Magistrate Judge Daniel Martin |

**PLAINTIFF FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR BROADWAY BANK'S, MOTION FOR LEAVE TO FILE MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES**

Plaintiff Federal Deposit Insurance Corporation, as Receiver for Broadway Bank ("FDIC-R"), by its undersigned attorneys, respectfully moves the Court to enter an order granting the FDIC-R leave to file its Motion to Strike Certain Affirmative Defenses.

In support thereof, FDIC-R states:

## PROCEDURAL HISTORY

1. On March 13, 2013, Defendants filed their answers and affirmative defenses to the FDIC-R's Amended Complaint. One answer was filed on behalf of Defendants Demetris Giannoulias, George Giannoulias, Sean Conlon, Steven Dry, Donna Zagorski, Steven Balourdos and Anthony D'Costa ("Giannoulias Defendants"). Dkt. No. 63. A separate answer was filed on behalf of Defendant James McMahon ("McMahon"). Dkt. No. 64. Defendant Gloria Sguros

1

("Sguros") filed a one-paragraph pleading purporting to adopt the answer and affirmative defenses filed on behalf of Certain Defendants. Dkt. No. 65.

2. Defendant Sguros' Answer clearly did not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. When this was brought to the attention of her counsel, Sguros agreed to file an amended answer. On May 1, 2013, Sguros filed a motion for leave to file an amended answer and affirmative defenses. Dkt. No. 78. That motion has been noticed for hearing on May 8, 2013 at 11:00 a.m. The FDIC-R does not oppose the motion.

3. The answers filed by the Giannoulias Defendants and McMahon alleged the same six identical affirmative defenses and a purported reservation of rights to add affirmative defenses in the future. The answer that Sguros seeks leave to file alleges five of the same six affirmative defenses and a purported reservation of rights to add affirmative defenses in the future.

4. Because certain of the Defendants' affirmative defenses and their purported reservation of rights are legally insufficient, FDIC-R has prepared a motion asking that they be stricken. A copy of the FDIC-R's Motion to Strike is attached as Exhibit A.

5. The case is in its very early stages. The Defendants' motions to dismiss were recently denied. The parties are currently negotiating a discovery protocol to submit to the court. Document productions have not been completed and are still in their earliest stages. Written discovery requests have not yet issued. No depositions have been taken.

## ARGUMENT

6. Under Rule 12(f), a court may strike from a pleading, *inter alia*, "an insufficient defense." The court may act on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within, 21 days after being served with the

4830-8524-8275.2

pleading." F. R. Civ. P. 12(f)(2).[1] The Motion to Strike is past the 21 day time frame for those answers that were filed on March 13th. Here, however, Defendant Sguros currently is seeking leave to file an amended answer and affirmative defenses now set to be heard on May 8, 2013. With regard to Sguros, the Motion to Strike is timely under the Rule.

7. Moreover, the Motion to Strike is most efficiently heard and decided when all the Defendants have completed their answers and affirmative defenses. This will occur, presumably, on May 8, 2013. It makes no sense to address these issues in an *ad hoc* or disjointed manner – however they may be addressed. This argues strongly for granting FDIC-R leave to file its Motion to Strike.

8. Given the array of similar cases filed by FDIC receiverships throughout the county, the Motion to Strike has implications for other cases brought by FDIC receivers in this district and in other federal judicial districts. As a result, approval at the FDIC supervisory level was required before the Motion to Strike could be filed. That approval was received on May 1, 2013. This Motion for Leave to File was filed two days later. Any delay has been *de minimis*.

9. The Seventh Circuit has read Rule 12(f) to allow a district court to consider a motion to strike at any point in a case. *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991) (considering motion to strike affirmative defenses filed 54 days after answer). *Williams* reasoned that the district court would be considering the motion on its own accord, as permitted by Rule 12(f)(1), although prompted by an untimely filed motion. *Id.*

10. District courts in the Seventh Circuit, following *Williams*, have considered motions to strike filed after the time period proscribed by Rule 12(f)(2). *See, e.g., Chicago School Reform Bd. of Trustees v. Substance, Inc.*, 79 F.Supp. 2d 919, 929 (N.D. Ill. 2000)

---

[1] The 21-day time limit was the result of a 2009 amendment. Prior to that time, the time period proscribed by Rule 12(f)(2) was 20 days. *See* Advisory Committee Notes to Rule 12 (2009 Amendments).

(motion to strike affirmative defenses filed 38 days after answer considered); *Leiske v. United States of America Signature Flight Support Corp.*, No. 99 C 2292, 2000 WL 1368042, at *2 (N.D.Ill. Sept. 15, 2000) (motion to strike affirmative defenses filed approximately four months after Rule 12(f)'s timing requirements considered); *National Acceptance Co. of America v. Regal Products, Inc.*, 155 F.R.D. 631, 634 (E.D. Wis. 1994) (motion to strike affirmative defenses filed approximately six months after answer considered). *Williams*, and the cases applying it, indicate that FDIC-R's Motion to Strike should be considered under Rule 12(f).

11. Defendants will not be prejudiced by granting FDIC-R leave to file the Motion to Strike. No position has changed and no action has been taken as a result of any delay in the filing of the Motion to Strike. As noted above, the case is in its very earliest stages.

## CONCLUSION

**FOR THESE REASONS**, either independently or in combination, Plaintiff Federal Deposit Insurance Corporation, as Receiver for Broadway Bank, urges the Court to grant leave to file its Motion to Strike certain of Defendants Affirmative Defenses and enter any other relief deemed just and appropriate.

Date: May 3, 2013

Respectfully submitted,

/s/Susan G. Feibus
One of the Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Broadway Bank

4830-8524-8275.2

F. Thomas Hecht
Susan G. Feibus
Dean J. Polales
Richard H. Tilghman IV
**UNGARETTI & HARRIS LLP**
70 West Madison Street, Suite 3500
Chicago, IL 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405

John Letteri
Counsel, Professional Liability Unit
Federal Deposit Insurance Corporation
3501 Fairfax Drive
Arlington, VA 22226
(703) 562-2361

4830-8524-8275.2