**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BROADWAY BANK,<br><br>        Plaintiff,<br><br>    v.<br><br>DEMETRIS GIANNOULIAS, GEORGE GIANNOULIAS, JAMES MCMAHON, SEAN CONLON, STEVEN DRY, DONNA ZAGORSKI, STEVEN BALOURDOS, GLORIA SGUROS and ANTHONY D'COSTA,<br><br>        Defendants. | Case No. 12 Civ. 1665<br><br>Judge John F. Grady<br><br>Magistrate Judge Daniel Martin |

**DEFENDANTS DEMETRIS GIANNOULIAS AND GEORGE GIANNOULIAS'S
SUR-REPLY TO FDIC-R'S MOTION TO STRIKE THE GIANNOULIAS
DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE**

William L. Charron, Esq.
Bryan T. Mohler, Esq.
Pinchus D. Raice, Esq. (of counsel)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
T: (212) 421-4100
F: (212) 326-0806
wcharron@pryorcashman.com
bmohler@pryorcashman.com

-and-

Eric Y. Choi, Esq.
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago Illinois 60602
T: (312) 827-1053
F: (312) 980-0736
echoi@ngelaw.com

Further to the Court's Minute Entry Order dated February 25, 2014 (Dkt. No. 188), defendants Demetris Giannoulias and George Giannoulias (collectively, the "Giannoulias Defendants") respectfully submit this brief sur-reply to the supplemental motion to strike the Giannoulias Defendants' Sixth Affirmative Defense by plaintiff Federal Deposit Insurance Corporation as Receiver for Broadway Bank (the "FDIC-R").[1]

## SUR-REPLY

There is an unworthy cynicism to the FDIC-R's motion to strike the Giannoulias Defendants' Sixth Affirmative Defense for lack of standing due to violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the U.S. Constitution. According to the FDIC-R, the constitutionality of its seizure of Broadway Bank (the "Bank") cannot be questioned by anyone – not by the Bank, not by the Bank's former owners, and not even by this Court. The FDIC-R is wrong and its motion to strike should be denied.

To summarize, the FDIC-R obtained its receivership appointment over the Bank from the IDFPR pursuant to the Illinois Banking Act, 205 ILCS 5/1, *et seq.*, and the FDI Act, 12 U.S.C. § 1821, *et seq.* Those statutes, however, failed to provide any right of meaningful pre-deprivation or post-deprivation judicial review of the IDFPR's seizure and receivership appointment. Hence, the Due Process and Equal Protection problems. The FDIC-R's various responses to these problems are unavailing and disingenuous.

First, the FDIC-R insists throughout its reply brief that only the "Bank" could have standing to challenge the constitutionality of the IDFPR's seizure and receivership appointment. Yet, as the FDIC-R elsewhere acknowledges, it has "stepped into the Bank's shoes" and, for all legal intents and purposes, now *is* "the Bank." (FDIC-R's 3/12/14 Br. at 3.) It is fortuitous for

---

[1] Defined terms used below have the same meanings ascribed in the Giannoulias Defendants' memorandum of law dated February 12, 2014.

the FDIC-R, therefore, that having been unlawfully appointed to be the Bank's receiver – *i.e.*, to be the Bank – the "Bank" will not bring any challenge against the FDIC-R's appointment. The FDIC-R's attempt to evade constitutional scrutiny by effectively claiming that only *the FDIC-R itself* could challenge its own appointment is meritless.

Second, and likewise meritless, is the FDIC-R's contention that the Giannoulias Defendants lack standing to affirmatively defend themselves against the FDIC-R's suit by pointing out the unconstitutionality of the FDIC-R's appointment. The FDIC-R concedes that the Giannoulias Defendants fall within the "zone of interests" that confer Article III standing. (FDIC-R's 3/12/14 Br. at 6.) The FDIC-R's newly raised assertion that the "zone of interests" test somehow "does not apply to assessing the validity of a defendant's affirmative defense" is entirely unsupported and illogical. (*Id.*)

Third, even though the FDIC-R now concedes that judicial review requires the existence of a "final administrative decision," which is a statutorily defined term, (*id.* at 8), the FDIC-R offers *no* response to the point that the IDFPR never issued a pre-deprivation "final administrative decision." The FDIC-R fails to address any of the Giannoulias Defendants' authorities on this point, (Giannoulias Defs.' 2/12/14 Br. at 9), and relies instead on a newly raised series of *non-final* and conditional written notices from the IDFPR to the Bank. (FDIC-R's 3/12/14 Br. at 7-8.) Nevertheless, none of the IDFPR's pre-deprivation notices was a "final administrative decision" by the IDFPR to seize the Bank, which announced "some definitive action" in response to an "application" and followed a "hearing and disposition by an impartial trial agency." *E.g.*, *Roosevelt-Wabash Currency Exchange, Inc. v. IDFPR*, 364 N.E.2d 449, 453 (Ill. Ct. App. 1977). Thus, no right of judicial review by the Bank existed under Section 48(10) of the Illinois Banking Act as a matter of law.

Fourth, and similarly, the FDIC-R makes a new argument that Section 48(10) of the Illinois Banking Act supposedly provided a means for post-deprivation judicial review following the IDFPR's *sua sponte* notice of seizure and simultaneous receivership appointment of the FDIC-R. (FDIC-R's 3/12/14 Br. at 8.) Once again, however, the IDFPR's notice was not a "final administrative decision" issued by an "impartial tribunal" following an "application" and a "hearing." The FDIC-R must be taken to understand this problem, which explains why the FDIC-R fails entirely to address the relevant authorities defining the meaning of "final administrative decisions." (Giannoulias Defs.' 2/12/14 Br. at 9.)

Fifth, the FDIC-R likewise offers *no* response to the point that the federal APA has no application to the IDFPR's seizure and receivership appointment. (Giannoulias Defs.' 2/12/14 Br. at 11-12.) Instead, the FDIC-R disingenuously tries to distract the Court by pointing to the *FDIC-C's* Supervisory Prompt Corrective Action Directive ("PCA") issued in April 2010, which the FDIC-R newly asserts could have been challenged under the federal APA. (FDIC-R's 3/12/14 Br. at 8.) Nevertheless, the FDIC-C did not seize the Bank and simultaneously appoint the FDIC-R to be the Bank's receiver; the Bank was seized, and the FDIC-R was simultaneously appointed to be the receiver, by the IDFPR. The newly raised PCA by the FDIC-C is a complete red-herring.

Sixth, the FDIC-R fails to address the Equal Protection problem described by the Giannoulias Defendants. (Giannoulias Defs.' 2/12/14 Br. at 12-14.) Specifically, the FDIC-R fails to offer a rational and non-arbitrary reason why other banks facing other receivership appointments should be statutorily entitled under the Illinois Banking Act and the FDI Act to immediate and direct access to judicial review, but banks like Broadway, which uniquely face receivership appointments by the IDFPR that name the FDIC-R, are treated disparately. Instead,

3

the FDIC-R makes a new argument that erroneously conflates the Equal Protection Clause with the Due Process Clause, and bootstraps its assertion that there is no "equal protection violation" on its incorrect contention that "the Bank was not denied its right to due process." (FDIC-R's 3/12/14 Br. at 9.) The Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment guarantee separate and independent constitutional rights – both of which were violated in this case.

Seventh, the FDIC-R raises a new, red-herring argument about supposedly having standing to sue the Defendants *because* the FDIC-R has "stepped into the Bank's shoes." (FDIC-R's 3/12/14 Br. at 3.) Nevertheless, as the Giannoulias Defendants clearly explained, it is precisely *because* the FDIC-R had no constitutional right to "step into the Bank's shoes" in the first place that the FDIC-R lacks standing to sue the Defendants in the name of the Bank now. (Giannoulias Defs.' 2/12/14 Br. at 14-15.) As the authorities previously cited by the Giannoulias Defendants make clear, the constitutional invalidity of the FDIC-R's appointment deprives the FDIC-R of any "stake" in the Bank and, equally, of any right to assert a "justiciable case or controversy" on behalf of the Bank against the Defendants. (*Id.*)

Eighth, and finally, the FDIC-R makes yet a further new argument that "sovereign immunity" under the Federal Tort Claims Act ("FTCA") should supposedly bar the Giannoulias Defendants from raising the constitutional infirmities underpinning the FDIC-R's receivership appointment in this case. (FDIC-R's 3/12/14 Br. at 10-11.) The issue of sovereign immunity is the subject of separate motion practice that remains *sub judice* before the Court. Regardless of that motion practice, however, the case law previously cited by the Giannoulias Defendants make absolutely clear that neither the FDIC-R nor the FDIC-C can trample on a party's constitutional rights and then cloak themselves in "sovereign immunity." (Giannoulias Defs.'

4

2/12/14 Br. at 14-15.) On the contrary, those authorities make clear that the FDIC-R must have legal standing regardless of the FTCA.

## CONCLUSION

It is axiomatic under American law that "every wrong shall have a remedy." *Marbury v. Madison*, 1 Cranch 137, 166 (1803). The FDIC-R is not above the Constitution in this (or any) regard, and its efforts to avoid constitutional scrutiny by this Court are meritless.

For the foregoing reasons and the reasons previously stated, the Giannoulias Defendants respectfully request that the FDIC-R's supplemental motion to strike be denied, and that the Court award the Giannoulias Defendants such other and further relief as deemed just and proper.

Dated: March 17, 2014

Respectfully submitted,
DEMETRIS AND GEORGE
GIANNOULIAS

By: */s/ Eric Y. Choi*
One of Their Attorneys

William L. Charron, Esq.
Bryan T. Mohler, Esq.
Pinchus D. Raice, Esq. (of counsel)
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
T: (212) 421-4100
F: (212) 326-0806
wcharron@pryorcashman.com
bmohler@pryorcashman.com

-and-

Eric Y. Choi, Esq.
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street, Suite 1700
Chicago Illinois 60602
T: (312) 827-1053
F: (312) 980-0736
echoi@ngelaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing **DEFENDANTS DEMETRIS GIANNOULIAS AND GEORGE GIANNOULIAS'S SUR-REPLY TO FDIC-R'S MOTION TO STRIKE THE GIANNOULIAS DEFENDANTS' SIXTH AFFIRMATIVE DEFENSE** was served on all counsel of record via electronic case filing procedures on March 17, 2014.

s/          Eric Y. Choi
An Attorney for Defendants